**Abou CAMARA, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–3421–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 22, 2007.

Bibiana C. Andrade, Franklin Square, NY, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Abou Camara, a citizen of Guinea, seeks review of a June 21, 2006 order of the BIA affirming immigration judge ("IJ") George Chew's March 11, 2005 decision denying Camara's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abou Camara,* No. A98 164 404 (B.I.A. June 21, 2006), *aff'g* No. A98 164 404 (Immig. Ct. N.Y. City Mar. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

██ An IJ need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Here, because the inconsistency regarding whether Camara personally obtained his passport on November 26, 2001 undermined his entire claim of persecution—*i.e.* that he was arrested, detained, and abused between November 1 and December 31, 2006—the IJ was reasonable in relying on it in finding Camara not credible. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Moreover, Camara changed his explanation for the discrepancy twice, and a reasonable adjudicator would not have been compelled to accept his attempts at reconciliation. Thus, this inconsistency is an appropriate basis for the negative credibility finding.

██ We need not decide whether the IJ improperly relied on his finding that the vaccination card was inauthentic because, even if this was error, the error-free ground relating to the passport provides substantial evidence to support the IJ's adverse credibility determination and we can state with confidence that the IJ would adhere to his decision were the petition remanded. *See Singh v. BIA,* 438 F.3d 145, 149 (2d Cir.2006) *(per curiam).* The agency's denial of asylum was thus appropriate. Because the only evidence of a threat to Camara's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal, *see Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) *(per curiam),* and relief under the CAT, *see Paul v. Gonzales,* 444 F.3d 148, 157 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.